ELIZABETH THOMPSON *v*. E. A. THOMPSON

(No. 7789)

Submitted April 17, 1934. Decided October 2, 1934.

*Daugherty & Daugherty,* for appellant.
*Via, Hardwick & Quinlan,* for appellee.

LITZ, JUDGE:

To the bill of complaint of Elizabeth Thompson, praying for a limited divorce from the defendant, E. A. Thompson, on the ground of cruelty, he filed his answer in the nature of a cross-bill, denying the charges of the bill and asking for a like divorce from her on the ground of desertion. Upon final hearing, the court dismissed the bill and granted defendant a divorce from bed and board upon his cross-bill answer.

The parties were intermarried March 3, 1920, and lived together as husband and wife until January 29, 1933. In March, following, plaintiff left home with her twelve-year-old daughter, Ruby, the sole offspring of the

marriage, and immediately thereafter instituted this suit. The evidence is conflicting upon the charge of affirmative acts of cruelty by the husband against the wife. Plaintiff, in her testimony, complains seriously of alleged misconduct on the part of Ray Thompson, a son (27 years of age) of defendant by a former marriage, whom defendant permitted to live at home. Some days before plaintiff left, Ray struck her over the head and shoulders with a pot of hot coffee, causing personal injury which necessitated medical attention, and served as the basis of his prosecution and punishment in a criminal proceeding for the assault. It also appears (by avowal, proof of which the trial court improperly refused to permit), that Ray had been guilty of indecent conduct in the home toward Ruby. Moreover, plaintiff offered, in her deposition, to return to defendant if he would keep Ray from the home.

In view of these facts and circumstances (not fully disclosed in the bill), we are of opinion to reverse the decree complained of in so far as it grants defendant a divorce upon his cross-bill. "While it is the conceded right of the husband to determine primarily the location of the matrimonial domicile, that right must be exercised reasonably, and he may not arbitrarily require his wife to live with or in close proximity to a member of his family who mistreats her." *Beuhring* v. *Beuhring*, 111 W.Va. 135, 161 S. E. 25. We do not reverse the ruling, dismissing the bill, because defendant has, since the appeal, died.

The decree of the circuit court is, therefore, reversed in so far as it grants defendant a divorce from bed and board and affirmed in all other respects.

*Affirmed in part; reversed in part; remanded.*